UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVELYN CLARK,

                MEMORANDUM AND ORDER

        Plaintiff,                CV 10-1650

    -against-                 (Wexler, J.)

TOWN OF EAST HAMPTON,

        Defendant.

------------------------------------------------------------X

APPEARANCES:

    ESSEKS, HEFTER & ANGEL, LLP
    BY: STEPHEN R. ANGEL, ESQ.
    Attorneys for Plaintiff
    108 East Main Street
    P.O. Box 279
    Riverhead, New York 11901

    SOKOLOFF STERN LLP
    BY: BRIAN S. SOKOLOFF, ESQ.
    Attorneys for Defendant
    355 Post Avenue, Suite 201
    Westbury, New York 11590

WEXLER, District Judge

    This is a case in which Plaintiff Evelyn Clark ("Plaintiff") challenges the actions of the Defendant Town of East Hampton (the "Town") with respect to Plaintiff's request for a building permit. This case was commenced in the Supreme Court of the State Court, County of Suffolk, and was thereafter removed to this court by the Town. Presently before the court is Plaintiff's motion to remand the matter to the State Court. Additionally, Plaintiff seeks costs and attorneys'

1

fees incurred in connection with the motion to remand. For the reasons that follow, the motion to remand is granted, but the court declines to award costs and fees.

## BACKGROUND

### I. The Parties and the Allegations of the Complaint

Plaintiff is the owner of a parcel of land in the Town, where she wishes to construct a residence. Because Plaintiff's parcel is located in an area considered by the Town to be a wetlands area, Plaintiff was required to obtain a "Natural Resources Special Permit," prior to construction. Plaintiff submitted her first permit application to the Town in 2004, and in response to the Town's concerns, later submitted an amended application reducing the size of her proposed home and deck. After a hearing, the Town Zoning Board of Appeals ("ZBA") denied Plaintiff's applications. Thereafter, Plaintiff commenced this action in the State Court.

Plaintiff's complaint takes the position that the Town's decision has deprived Plaintiff of the use of her property for any purpose, and alleges three causes of action. Specifically, Plaintiff alleges: (1) that the Town's action has resulted in a taking in violation of the Constitution of the State of New York; (2) that the Town's action has resulted in a taking in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and (3) seeking damages for a temporary taking.

### II. The Removal and the Parties' Correspondence

Shortly after commencement of the State Court Action, Defendant timely removed the action to this court, based upon Plaintiff's allegations of violation of the United States Constitution. Plaintiff's counsel contacted the Town, alerting it to the decision of the United State Supreme Court in <u>Williamson County Reg. Planning Comm'n. v. Hamilton Bank of</u>

Johnson City, 43 U.S. 172 (1985). The Town was advised that under <u>Williamson</u>, an action alleging a Constitutional taking is not ripe for federal adjudication until: (1) a final decision as to zoning has been rendered with respect to the property, and (2) the plaintiff has attempted to receive just compensation pursuant to available state procedures. <u>Williamson</u>, 473 U.S. at 188, 194. Plaintiff's counsel advised the Town that in light of <u>Williamson</u>, there was no federal jurisdiction to support the removal, and asked that the Town agree to a voluntary remand. The Town, arguing that <u>Williamson</u> addresses ripeness of a claim, and not the propriety of removal, declined the invitation to agree to remand. This motion followed.

## DISCUSSION

I. <u>Ripeness</u>

As noted in Plaintiff's correspondence to Defendant, and as the parties agree, the Supreme Court has held that federal takings claims are not ripe unless the two conditions referred to above exist, <u>i.e.</u>: (1) the agency involved has reached a final decision, and (2) the plaintiff has sought and has failed to receive adequate compensation through available state procedures. <u>Williamson</u>, 473 U.S. at 188, 194; <u>Dougherty v. Town of North Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2001). The first prong of the <u>Williamson</u> ripeness test is not an exhaustion requirement. <u>Williamson</u>, 473 U.S. at 192. Instead, it requires only that the administrative action of the entity at issue be that entity's final action. <u>As stated in</u> Williamson, finality refers to:

> whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

3

Id. As to the second Williamson requirement, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 195.

Ripeness is an issue that goes to the issue of jurisdiction, and in its absence, there is no jurisdiction. Country View Estates @ Ridge LLV v. Town of Brookhaven, 452 F. Supp.2d 142, 144 9E.D.N.Y. 2006). Accordingly, federal courts lack jurisdiction, and may properly dismiss constitutionally based takings cases that are not ripe as required by Williamson. See TZ Manor, LLC v. Daines, 2009 WL 2242436 *8 (S.D.N.Y. 2009).

II. Disposition of the Motion

The parties agree, and the court holds, that this matter is not ripe under Williamson. Accordingly, there is no federal jurisdiction over the Federal Constitutional claims asserted. Much ink is spilled debating whether a clearly unripe claim is removable on its face, and whether Plaintiff should have been required to dismiss her federal claim and thereby accomplish her own remand. The parties also debate whether Plaintiff properly asserted a federal claim in the state court, and whether she was required to pursue an Article 78 proceeding in State Court.

The court holds that the federal claims asserted are not ripe, and it therefore lacks jurisdiction. Under these circumstances, it is appropriate to remand this matter to the State Court. The court expresses no opinion as to any other legal issue raised by the parties. The lack of federal jurisdiction is a sufficient basis to order remand.

The court has reviewed the parties' positions here, and while the matter is close, the court chooses not to exercise the power to award costs and attorneys fees.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is granted, and the motion for an award of costs and attorneys' fees is denied. The Clerk of the Court is directed to close the file in this case, and the matter is hereby remanded to the Supreme Court of the State of New York, County of Suffolk.

SO ORDERED

                                                LEONARD D. WEXLER
                                                UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 16, 2010